[No. 12429.   Department Two.   April 29, 1915.]

SCANDINAVIAN AMERICAN BANK OF TACOMA, *Respondent*, v.
PIERCE COUNTY *et al., Appellants.*[1]

TAXATION—ASSESSMENT—BANK STOCK—DEDUCTIONS—STATUTES—
CONSTRUCTION.   Under Rem. & Bal. Code, § 9134, providing that bank
stock shall be assessed at its full and fair value in money, first de-
ducting therefrom the proportionate part of the assessed value of
real estate belonging to the bank, where the assessed value of the
capital stock was determined by considering the value of its real
estate over and above the amount of a mortgage thereon, the amount
to be deducted therefrom is such value of the real estate entering
therein, and not the value of the real estate regardless of the mort-
gage; in view of Const., art. 7, § 1, providing that "all property" not
exempt shall be assessed in proportion to its value and Id., § 2, pro-
viding for a uniform and equal rate of taxation upon all property;
since, otherwise, instead of avoiding double taxation, part of the
bank's property would escape taxation.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered June 10, 1914, in favor of the
plaintiff, upon sustaining a demurrer to the answer, in an
action to enjoin the collection of a tax.   Reversed.

*Lorenzo Dow, H. G. Fitch,* and *A. B. Comfort,* for appel-
lants.

*Williamson, Williamson & Freeman,* for respondent.

MAIN, J.—The purpose of this action was to enjoin the
collection of an alleged illegal tax, and compel the proper
officer to accept the amount tendered in full payment of the
tax.   The answer to the plaintiff's complaint contained an
affirmative defense.   To this affirmative defense, a demurrer
was interposed and sustained.   The defendants refused to
plead further, and elected to stand upon the affirmative de-
fense as pleaded.   Thereupon the court entered a judgment
in favor of the plaintiff, from which the defendants appeal.

[1]Reported in 148 Pac. 18.

The plaintiff is a corporation engaged in the banking business at Tacoma, Washington. During the year 1911, the bank purchased lots 11 and 12, in block 1003, plat of New Tacoma, for the sum of $200,000. Upon this purchase price, the sum of $50,000 was paid in cash, and a mortgage which was then upon the property for the sum of $150,000 was assumed. During the year 1913, the assessor of Pierce county found the full and fair value of the capital stock to be the sum of $229,977.28, as of the date of March 1st of that year. The assessor found the full and fair value of the real estate above described to be $200,000. The assessor fixed the assessed value of the capital stock at 50 per cent of its full value, and the assessed value of the real estate at 60 per cent of its full value. This would result in the assessed value of the capital stock being $114,988.64; and the assessed value of the real estate would be $120,000. The mortgage upon the real estate, which had been assumed as a part of the purchase price, still existed in the same amount on March 1, 1913. In determining the value of the capital stock, the assessor took into consideration the value of the real estate over and above the mortgage, but not the value of the real estate regardless of the mortgage. From the assessed value of the stock thus arrived at, the assessor deducted the assessed value of the real estate which he had taken into consideration in determining the value of the capital stock of the bank.

The bank claims that the assessor should have deducted, not only the assessed value of the real estate which entered into the value of the stock as fixed by him, but should have deducted the assessed value of the real estate regardless of the mortgage. The appellants claim that, in deducting the real estate owned by the bank from the amount of its capital stock for purposes of taxation, only that real estate value which entered into the value of the stock should be deducted. The question in this case therefore. is, When a bank owns real estate upon which there is a mortgage, and the assessor

only considers the value of the real estate over and above the mortgage in fixing the value of the capital stock of the bank, should there be deducted from the value of the capital stock, thus arrived at, not only the assessed value of the real estate which entered into the value thus fixed, but the assessed value of the real estate without regard to the mortgage?

Section 1, of article 7 of the state constitution provides that "all property" not exempt under the laws of the United States, or under the constitution, shall be taxed in proportion to its value. Section 2 of the same article makes it the duty of the legislature to provide for a uniform and equal rate of assessment and taxation upon all property in the state. Rem. & Bal. Code, § 9134, relates to the matter of assessing shares of stock in banks, and provides that,

"All such shares shall be assessed at their full and fair value in money on the first day of March in each year, first deducting therefrom the proportionate part of the assessed value of the real estate belonging to the bank. . . ."

The purpose of this statute was to avoid double taxation. *Dexter Horton Nat. Bank of Seattle v. McKenzie*, 69 Wash. 314, 124 Pac. 915. All real estate is assessed as such, whether owned by a bank or by an individual. If the value of the real estate is taken into consideration in fixing the value of the stock and is not deducted therefrom, it would result in the real estate being assessed once as such, and also as entering into the value of the capital stock. On the other hand, if, owing to the fact that the real estate is encumbered by a mortgage, the assessor only takes into consideration, in fixing the value of the capital stock, the value of the real estate subject to the mortgage, or, in other words, the value of the real estate over and above the amount of the mortgage, then if, in making the deduction provided for by statute, the assessed value of the real estate regardless of the mortgage be deducted, it would result not only in avoiding double taxation, but in exempting a portion of the capital

stock from taxation. When read in the light of the constitutional provisions mentioned, the statute providing for the deduction of the proportionate part of the assessed value of the real estate belonging to a bank, when fixing the value of the bank's capital stock for purposes of taxation, contemplates that only that portion of the real estate which entered into the value of the capital stock should be deducted. The affirmative defense in the answer, to which the demurrer was sustained, while not specifically and directly alleging that the assessor, in fixing the value of the capital stock of the bank, only took into consideration the value of the real estate subject to or above the mortgage, there are facts alleged from which this is the reasonable inference. And from the argument in the appellants' as well as the respondent's brief, it is apparent that this is the construction that the parties placed upon it. It thus appears that the assessed value of the capital stock was $114,988.64. The assessed value of the real estate which entered into the assessed value of the stock was $30,000. The difference between these two sums, or $84,988.64, is the amount upon which the taxes upon the capital stock should be computed. In *Dexter Horton Nat. Bank of Seattle v. McKenzie, supra,* it was said:

"The capital stock of appellant was assessed at $622,800 without any deduction therefrom on account of real estate owned by it. We conclude that appellant was entitled to have deducted from that assessed valuation the $120,150 assessed as the value of trust real property here involved, leaving the assessable value of appellant's capital stock at $502,650; and to have the taxes computed upon its capital stock accordingly. This will result in the payment of taxes upon all of appellant's assessable property, including its capital stock, and avoids double taxation. Neither the law nor the commonly recognized principles of fair dealing demands more than this."

The conclusion we have reached in the present case will result in the payment of taxes upon all of the respondent's as-

sessable property, and avoids the exemption of any portion of that property from taxation.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer to the affirmative defense.

Morris, C. J., Mount, Fullerton, and Crow, JJ., concur.