[No. 13552. Department Two. December 12, 1916.]

Scandinavian American Bank of Tacoma, *Appellant*, v. Pierce County *et al.*, *Respondents*.[1]

Taxation—Banks—Realty — Deductions — Evidence. In a proceeding by a bank to secure a deduction from its taxes of the value of certain real estate, an exhibit attached to the complaint showing certain dates preceding the description of each tract, warrants the conclusion, in the absence of any explanation, that the dates shown were the dates of the acquisition of the property.

Same—Banks—Valuation—Realty—Deductions—Statutes. It being unlawful, under Rem. & Bal. Code, § 3330, for a bank to carry real estate on its books longer than three years, the value of such real estate cannot be considered and deducted from the value of its capital stock, in fixing its assessment for taxation pursuant to Rem. 1915 Code, § 9134, and a bank seeking a deduction must allege and prove the status of the realty.

Same—Banks—Realty—Deductions—Valuation. Where the assessor accepted, without explanation, the exact figure of $229,977.28, turned in by the bank officials as the value of the bank's capital stock, surplus, and undivided profits, and the bank officials testified that such sum included $150,000 expended on its real estate and bank building, it follows that the sum expended was taken as the value of the real property, and under Rem. 1915 Code, § 9134, sixty per cent of the amount, or $90,000 is to be deducted as the value of the land, in determining the value of the bank's capital stock, surplus and undivided profits, for the purposes of taxation.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 24, 1915, in favor of the defendants, in an action to enjoin the collection of a tax, tried to the court. Modified.

*Williamson, Williamson & Freeman*, for appellant.

*Fred G. Remann, Harry E. Phelps*, and *H. G. Fitch*, for respondents.

Holcomb, J.—Appellant, a domestic banking corporation, feeling itself aggrieved at the action of the assessor of Pierce county in failing to deduct the value of certain real estate

[1]Reported in 161 Pac. 469.

owned by it from the value of its capital stock, surplus and undivided profits, for the purposes of taxation, in the assessment of March 1, 1913, brought this action against Pierce county and the treasurer thereof to restrain the enforcement of the tax, and to compel the treasurer to accept as full payment of the tax an amount which would be correct if the value of all the real estate were deducted in conformity with appellant's claim. The trial court ordered the assessed value of a portion of the tracts of real estate, amounting to $45,957, deducted, and entered its decree accordingly, from which decree appellant has appealed.

Appellant first assigns as error the action of the trial court in refusing to deduct the value of certain of the tracts of real estate as provided for in Rem. 1915 Code, § 9134, because it was shown by the pleadings that the date of acquisition was more than three years prior to March 1, 1913, it being unlawful for a bank to carry real estate on its books as an asset for a longer period than three years, under statute Rem. & Bal. Code, § 3330; and also the court's refusal to deduct the value of other parcels of real estate because the dates of acquisition thereof were neither pleaded nor proved, the court being of the opinion that the burden of proof was on appellant to establish such facts before it could prevail.

Appellant contends that, having alleged and proved that it owned this property on March 1, 1913, by virtue of Rem. 1915 Code, § 9134, which provides that the proportionate part of the assessed value of the real estate belonging to the bank shall be deducted, it has established a *prima facie* case, and it is therefore incumbent on respondents to show, as a matter of defense, that the property has been held by appellant for a longer period than three years. In arriving at the foregoing conclusions, the trial court construed certain dates indicated in an exhibit attached to and made part of appellant's complaint, preceding the description of each tract of real estate, as the dates of acquisition thereof by the bank, which construction is now complained of by appellant. Since

there is nothing in the record to enlighten us on the exact office of these dates, and as the dates of acquisition would be material to the issues in this case, it seems improbable that they were placed there for any other purpose than to indicate the dates of acquisition of the various parcels, which leads us to the conclusion that the construction of the trial court is correct.

Since, then, it was unlawful for banks to carry real estate on their books for a longer period than three years (Rem. & Bal. Code, § 3330), the value of such real estate could not be considered in determining the value of the capital stock, and hence could not be deducted from the value of the capital stock. Regardless of the status of the title to property held by a bank longer than three years, it is made unlawful by statute to do so, and appellant cannot reap the benefits of Rem. 1915 Code, § 9134, by a continuing violation of the law. As appellant is seeking by this action to have the assessed value of this property deducted, it must allege and prove that the status of this property was such that it should be deducted by virtue of the statutes. As this was not done, we find no error in the trial court's ruling on the question.

Included in this list of property, the assessed value of which appellant claims should have been deducted, was a tract of property which the bank used as its place of business, hereinafter called the bank property. The action of the trial court in allowing a deduction of only $30,000 by reason of the bank's ownership of this property is also assigned as error. This property was appraised at $200,000, and a sixty per cent basis was then used in Pierce county to fix the assessed value for taxation, making the assessed value thereof $120,000, at which it was thereupon assessed separately as real estate according to law. As this property was incumbered by a mortgage of $150,000, the assessor, conceiving the idea that appellant was entitled only to a deduction of its equity in the property over and above the amount

of the mortgage, instead of deducting the assessed value ($120,000) from the value of the capital stock, surplus and undivided profits, first subtracted from the assessed value the sum of $90,000, which was sixty per cent of the $150,000 mortgage, leaving a balance of $30,000, the deduction of which is complained of by appellant. After appellant had acquired this bank property, it expended the sum of $150,000 over and above the mortgage in rendering the premises suitable for its business, and therefore asserts that sixty per cent of this $150,000 invested in the premises, or $90,000, should have been deducted from the value of the capital stock, undivided profits and surplus, instead of the $30,000 deduction as made by the assessor. It is interesting to note that appellant is not claiming a deduction of the assessed value of the property as real estate.

This court held, in *Scandinavian American Bank of Tacoma v. Pierce County*, 85 Wash. 348, 148 Pac. 18, that Rem. 1915 Code, § 9134, contemplates that only that portion of the real estate which entered into the value of the capital stock should be deducted. The converse would also be true, that all the value of the real estate which was considered in determining the value of the capital stock and surplus should be deducted, provided that the value to be deducted does not exceed the assessed value of the property. As to what value this bank property was given in ascertaining the value of the capital stock, surplus and undivided profits, at $229,977.28, the record is not clear, but Pringle, manager of appellant, testified that the $150,000 expended by appellant on this property entered into and became a part of the $229,977.28, which figures were turned in by appellant to the assessor. This testimony was corroborated by one Hayden, a former deputy state bank examiner. It is true that the assessor denied this testimony, but the fact remains that he accepted the exact figure of $229,977.28 as received by him from appellant, and offered no explanation as to how he ascertained that amount nor what value he placed upon the bank prop-

erty in so ascertaining it. From these facts, it seems apparent that the $150,000 expended by appellant on this property was taken as the value of the property in determining the value of the surplus, capital stock, and undivided profits.

In determining the amount that should be deducted on account of appellant's ownership of this bank property, there are two tests that must be followed, viz.: (1) In no event can more than the assessed value of the property be deducted, which in this case was $120,000, as that is the limit authorized by Rem. 1915 Code, § 9134; (2) nor can a greater amount be deducted by reason of a bank's ownership of property than the value that such property was considered to have in determining the value of the capital stock, surplus and undivided profits. As $150,000 was considered the value of this property in ascertaining the value of the capital stock, surplus and undivided profits, no more than sixty per cent of that amount, or $90,000, could be deducted or it would violate test No. 2, as stated above. It is apparent, therefore, that a deduction of $90,000 is proper, as it violates neither of these tests, since it is a lesser amount than the assessed value of the property as real estate and it is sixty per cent of the value the land was given in determining the value of the capital stock, surplus and undivided profits. Not to allow such deduction would amount to double taxation, for it would be taxed once as realty and once as personal property included in the capital stock, surplus and undivided profits. We do not wish to be understood as holding that, in all cases, the true amount of deduction is measured by the amount invested by appellant in the property, but rather that the amount invested should be deducted where it is the amount used in determining the value of the capital stock, surplus and undivided profits, and where such amount is either equal to or less than the assessed value of the property.

The decree of the trial court is therefore modified by deducting from the assessed valuation of the capital stock, sur-

plus and undivided profits $90,000 instead of $30,000, and in all other respects it is affirmed. Appellant will recover costs.

MORRIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.